[No. B148154. Second Dist., Div. Seven. July 30, 2001.]

KENNETH GERMAN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Douglas W. Otto for Petitioner.

No appearance for Respondent.

Steve Cooley, District Attorney, Patrick D. Moran and William Woods, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**WOODS, J.**—Petitioner seeks a writ of prohibition directing the trial court to dismiss count 2 of a pending information charging appellant with conspiracy to commit murder. This petition raises the question whether a defendant, whose conviction for conspiracy to commit second degree murder was reversed on appeal for trial error, may now be retried for conspiracy to commit *first* degree murder without subjecting him to double jeopardy. The issue of double jeopardy arises here not because of trial error, but because of intervening case law of our Supreme Court effectively abrogating the crime of conspiracy to commit second degree murder, and holding that all conspiracies to commit murder are necessarily premeditated and deliberated, subject to the same punishment as murder in the first degree. (*People v. Cortez* (1998) 18 Cal.4th 1223 [77 Cal.Rptr.2d 733, 960 P.2d 537].)

Pointing out that the jury convicted him of conspiracy to commit second degree murder, petitioner argues it impliedly acquitted him of the crime of conspiracy to commit premeditated and deliberated murder. Any effort to prosecute him on a conspiracy charge, now subject to the penalty for first degree murder, would effectively place him in jeopardy for a crime for which he has already been acquitted. For the reasons expressed herein, we agree, and order the writ to issue.

### FACTS AND PROCEEDINGS BELOW

The facts relevant to this petition are undisputed. Petitioner and his codefendant[1] were charged with both the murder of Alexander Giraldo and conspiracy to commit murder. At the time of Giraldo's murder, petitioner was in the United States Army, at Fort Benning, Georgia. The prosecution's theory as to petitioner's culpability was based on conspiracy. Petitioner was convicted of murder in the second degree and conspiracy to commit murder in the second degree. The second degree findings were specifically set forth in the verdict forms. At that time, case law in California interpreted Penal Code section 182 as authorizing the crime of conspiracy to commit murder in the second degree. (*People v. Horn* (1974) 12 Cal.3d 290 [115 Cal.Rptr. 516, 524 P.2d 1300].)

On appeal, petitioner's conviction was reversed for trial error unrelated to this petition, and his case remanded for retrial. Prior to retrial, our Supreme Court decided *People v. Cortez, supra,* 18 Cal.4th 1223. In *Cortez,* our Supreme Court overruled *People v. Horn,* effectively abrogated the crime of conspiracy to commit second degree murder, and held that all conspiracies to

---

[1]Petitioner's codefendant is not a party to this petition.

commit murder must necessarily be first degree. (18 Cal.4th at pp. 1237-1238.)

The People seek to prosecute petitioner for both second degree murder (a charge not at issue in this petition), and the now unitary crime of conspiracy to commit murder, punishable, since *Cortez,* by the same sentence as murder in the first degree. After the trial court rejected petitioner's double jeopardy argument and denied his motion to dismiss the conspiracy charge, petitioner filed this writ petition. We requested and received the People's opposition to the petition, and thereafter issued an order to show cause as to why the requested relief should not be granted. The issues having been fully briefed and argued, we turn to the merits of the petition.

## DISCUSSION

Petitioner insists prosecution on the conspiracy charge subjects him to double jeopardy for the crime of conspiracy to commit first degree murder, an offense for which he was impliedly acquitted when the jury found him guilty of conspiracy to commit second degree murder. Because *Cortez* effectively abrogated the crime of conspiracy to commit second degree murder, and double jeopardy prohibitions preclude retrial on a conspiracy to commit first degree murder, petitioner argues the conspiracy charge must be dismissed.

To elucidate the double jeopardy issue presented in connection with the unique procedural posture of this case, we think it useful to begin our discussion with a brief overview of our Supreme Court's interpretation of Penal Code section 182 (governing conspiracy) as it existed at the time of petitioner's trial (pre-*Cortez*) and as it exists today (post-*Cortez*).

A.  *Overview of law of conspiracy to commit murder before and after Cortez.*

Penal Code section 182 makes it unlawful for two or more persons to conspire to commit a crime. When it was initially enacted decades ago, the statute did not differentiate among different degrees of conspiracy. Deciding whether the statute mandated a finding of different degrees of conspiracy to commit murder, our Supreme Court held in as early as 1940 that all conspiracies to commit murder must be first degree, as the specific intent required to form such an agreement necessarily involves the "willful, deliberate and premeditated" intention to kill a human being. (*People v. Kynette* (1940) 15 Cal.2d 731, 745 [104 P.2d 794].)

The *Kynette* opinion remained the operative interpretation of Penal Code section 182 until the statute was changed in 1955 to provide for different

degrees of conspiracy. In 1955, former section 182 was redrafted to contain the following discussion of degrees of conspiracy, language that remains in the statute today: "If the felony is one for which different punishments are prescribed for different degrees, the jury or court which finds the defendant guilty thereof shall determine the degree of the felony defendant conspired to commit. If the degree is not so determined, the punishment for conspiracy to commit [the] felony shall be that prescribed for the lesser degree, except in the case of conspiracy to commit murder, in which case the punishment shall be that prescribed for murder in the first degree."

Addressing the meaning of the revised Penal Code section 182, our Supreme Court stated in 1974 that the statute's discussion of differing degrees of conspiracy expressly authorized the crime of conspiracy to commit murder in the second degree. (*People v. Horn, supra*, 12 Cal.3d 290, 298-300, & fn. 5.) To the extent *Kynette* suggested otherwise, the court disapproved it. (*Ibid.*)

Our Supreme Court revisited Penal Code section 182 22 years later in *People v. Swain* (1996) 12 Cal.4th 593 [49 Cal.Rptr.2d 390, 909 P.2d 994]. In *Swain,* the court held that all conspiracy to commit murder must be based on a finding of express malice (intent to kill) as opposed to implied malice, as the latter requires the commission of the object of the conspiracy and thus conflicts with the nature of conspiracy as an inchoate crime. In reaching its conclusion, our Supreme Court highlighted but declined to decide the "conceptually difficult question of whether there can be an offense of conspiracy to commit murder in the second degree" suggesting, albeit without deciding, that any statement in *Horn* recognizing the crime of conspiracy to commit second degree murder was dictum. (*Id.* at pp. 606-607.) It also declined to decide the hypothetical question posed at that time, whether a defendant whose conviction for conspiracy to commit second degree murder was reversed on appeal for trial error could be retried for conspiracy to commit murder in the first degree. Since the People had not sought to retry defendant for conspiracy to commit first degree murder, the majority noted any discussion of this double jeopardy issue with respect to *Swain* would be premature.[2]

The first issue foreshadowed but not decided in *Swain,* i.e., the viability of conspiracy to commit second degree express malice murder, was addressed

---

[2]Two justices did decide to reach the double jeopardy question in concurring opinions, each suggesting different results. (Compare concurrence of Justice Mosk in *People v. Swain, supra,* 12 Cal.4th at pp. 611, 619-620 [retrial may be had without violating double jeopardy where due to general verdict, defendant was never expressly acquitted nor expressly convicted of crime of conspiracy to commit first degree murder] with concurrence of Justice Kennard, 12 Cal.4th at pp. 629-630 [protection against double jeopardy precludes retrying defendants for

and rejected two years later in *People v. Cortez, supra,* 18 Cal.4th 1223. Drawing on the analysis in *Kynette,* the court held that the specific intent required to conspire to commit "intent to kill" murder is the functional equivalent of premeditation and deliberation; thus, "all conspiracy to commit murder is necessarily conspiracy to commit premeditated and deliberated first degree murder . . . punishable in the same manner as murder in the first degree . . . ." (*Id.* at pp. 1237-1238.) To the extent *Horn* suggested otherwise, the court expressly disapproved it. (*Ibid.*)

*Cortez* did not have occasion to reach the second issue foreshadowed in *Swain* and specifically raised here, i.e., whether a defendant whose conviction for conspiracy to commit second degree murder was reversed could be retried for conspiracy to commit first degree murder without running afoul of the constitutional protections against double jeopardy. Because the People seek to retry petitioner on the conspiracy charge, a charge now subject only to the penalty for first degree murder, the issue is now ripe for review.

B. *Petitioner may not be retried for conspiracy to commit murder, and subject to the penalty of murder in the first degree, without violating double jeopardy protections.*

██ The double jeopardy clause of the Fifth Amendment, as it applies to the states via the Fourteenth Amendment, precludes the prosecution of a criminal defendant for the same offense following an acquittal. (*Montana v. Hall* (1987) 481 U.S. 400, 402 [107 S.Ct. 1825, 95 L.Ed.2d 354]; *People v. Santamaria* (1994) 8 Cal.4th 903, 910-911 [35 Cal.Rptr.2d 624, 884 P.2d 81].) ██ Arguing his prior conviction for conspiracy to commit second degree murder was tantamount to an implied acquittal on the charge of conspiracy to commit first degree murder (the only conspiracy to commit murder charge recognized following *Cortez*) petitioner claims retrial on the conspiracy charge would violate double jeopardy prohibitions.

The People urge that defendant was never impliedly acquitted of the charge of conspiracy to commit murder. Rather, advocating a retroactive application of the principles announced in *Cortez,* the People insist the jury's finding of conspiracy, irrespective of their finding of second degree, meant that the jury found the specific intent to agree and intent to kill, findings that *Cortez* has explained are "functionally indistinguishable" from premeditation and deliberation.

conspiracy to commit first degree murder, a crime for which they were impliedly acquitted when the jury found them guilty of conspiracy to commit second degree murder].)

While the People's argument would be persuasive in any case subsequent to *Cortez,* it is troubling here, where *Cortez* had not been decided at the time of trial, and contrary instructions were given to the jury. Here the jury was told, in accordance with governing law at the time of trial, to affix the degree of conspiracy at first or second degree. It was further instructed that first degree murder requires premeditation and deliberation, and was told to affix the degree of murder, the object of the conspiracy, at first degree if it found premeditation and deliberation present, and at second degree if it found such elements lacking. Taken together, these instructions advised the jury it could find conspiracy to commit murder in the second degree on something less than premeditation and deliberation. We can only conclude that in returning a verdict for the lesser included offense of conspiracy to commit murder in the second degree, the jury impliedly acquitted defendant of the greater crime of conspiracy to commit first degree murder. (See *People v. Superior Court (Marks)* (1991) 1 Cal.4th 56, 71, 74-76 [2 Cal.Rptr.2d 389, 820 P.2d 613] [guilty verdict on lesser included offense is implied acquittal of greater offense].)

For this reason, we hold the protection against double jeopardy precludes retrial on the conspiracy to commit first degree murder. (See *People v. Superior Court (Marks), supra,* 1 Cal.4th at pp. 74-76; see also *People v. Swain, supra,* 12 Cal.4th at pp. 629-630 (conc. opn. of Kennard, J.) ["The protection against double jeopardy does preclude retrying these defendants for conspiracy to commit first degree murder, a crime of which they were impliedly acquitted" when the jury convicted them of conspiracy to commit second degree murder].) Nor can defendant be retried for conspiracy to commit second degree murder, as that crime no longer exists in California. (*People v. Cortez, supra,* 18 Cal.4th 1223, 1238.)

In reaching our conclusion, we emphasize our holding is limited to the unique procedural posture of this case—a pre-*Cortez* conviction and reversal of conviction on appeal for conspiracy to commit second degree murder, and a post-*Cortez* effort to retry defendant for conspiracy to commit first degree murder. We further recognize such a posture is unlikely to recur, save, if at all, in only a handful of circumstances. We are also mindful that our opinion permits defendant to profit from the fortuitous events comprising the procedural history of this case. However, as we explained herein, the constitutional protections against double jeopardy mandate this result.[3]

---

[3]Nothing in our opinion precludes retrying defendant for the crime of second degree murder.

## DISPOSITION

Let a writ of prohibition issue, directing respondent court to dismiss count 2 of the pending information charging defendant with conspiracy to commit murder.

Lillie, P. J., and Boland, J.,* concurred.

Petitioner's petition for review by the Supreme Court was denied October 31, 2001.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.